*1181 ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM. *
This attorney disciplinary matter arises from a petition for consent discipline filed by respondent, Gregory G. Gambel, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
This matter arises from three complaints filed against respondent. The facts of these complaints will be addressed separately.

Complaint I

Richard L. Strub, M.D., treated respondent for migraine headaches. During the course of treatment, respondent consistently attempted to obtain prescriptions for controlled dangerous substances, parti-culary Percodan. When Dr. Strub became suspicious of respondent’s motivations, respondent began to forge prescriptions for controlled dangerous substances. Subsequently, respondent was charged with criminal violations in the Twenty-Fourth Judicial District Court for the Parish of Jefferson and was placed under the supervision of a court diversion program in lieu of going to trial.

Complaint II

In 1991, Henry C. Spicer, III retained respondent to represent him in the defamation matter entitled Henry C. Spicer, III v. Entergy Louisiana, Inc., f/k/a LP & L Co., No. 372,108, Civil District Court for the Parish of Orleans. Over the course of the following seven years, respondent neglected the legal matter, failed to communicate with his client and misled his client about the status of the case, which ultimately led to Mr. Spicer’s loss of the opportunity to pursue the matter.
| ^Complaint III
In 1992, the respondent accepted the representation of Barbara Sheikh in connection with the wrongful death of her husband. In December 1993, the respondent received a check in the amount of $200,000 on behalf of his client from an insurance carrier for payment of certain life insurance benefits. Respondent deposited the check into his personal account, wherein he converted the funds for his own use. Despite numerous requests by Mrs. Sheikh and her new attorney, Michael Swan, the respondent would not return any portion of the funds and consistently misrepresented the facts associated with the status of the litigation. Respondent failed to take any significant action in pursuit of the wrongful death litigation, which was pending in the United States District Court for the Southern District of Florida, Miami Division. As a result, the case was dismissed for lack of prosecution.
PROCEDURAL HISTORY
Initially, respondent moved to be placed on disability inactive status due to his substance abuse problems. This court granted his motion. In re: Gambel, 98-0017 (La.1/30/98).
Subsequently, respondent and the Special Disciplinary Counsel[1] (“SDC”) filed a motion with this court seeking to return respondent to active status and to place him on interim suspension pursuant to Supreme Court Rule XIX, § 19B. On September 16, 1998, this court granted the motion. In re: Gambel, 98-2406 (La.9/16/98), 718 So.2d 403.
Prior to the filing of formal charges, respondent tendered a petition for consent discipline wherein he acknowledged his misconduct,[2] and proposed that he be dis *1182 barred from the | practice of law and ordered to pay restitution.
The SDC filed a concurrence to the petition for consent discipline, as well as a motion for leave to file the pleading directly with this court based on the respondent’s former relationship with the board. .On February 22, 1999, the disciplinary board chairman granted the motion for leave and the petition for consent discipline was filed with this court.
DISCUSSION
Respondent has admitted to all the allegations of the complaints. In addition to conduct involving deceit and neglect of a legal matter, respondent has admitted to commingling and converting a substantial, amount of client funds. This misconduct resulted in harm to his clients. Restitution has not been paid to his victims, and his clients lost opportunities to pursue their cases due to his inaction.
Under the guidelines set forth in Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986), disbarment is clearly the appropriate sanction under the facts of this case.[3] | ¿Accordingly, we will accept the petition for consent discipline.
DECREE
Upon consideration of the petition for consent discipline and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that the name of Gregory G. Gambel be stricken from the rolls of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution to his clients with legal interest. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Marcus, J. not on panel. Rule IV, Part II, § 3.

. Because respondent was a former member of the disciplinary board, the Disciplinary Counsel and his deputies recused themselves from this matter. As a result, this court appointed Basile Uddo as Special Disciplinary Counsel.

. Respondent admitted to violating the following Rules of Professional Conduct:
Rule 1.3:
*1182 (a)A lawyer shall act with reasonable diligence and promptness in representing a client.
Rule 1.4:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so.
Rule 1.15:
(a) A lawyer shall hold property of clients or third persons that is in a lawyer’s possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in a bank or similar institution in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person ...
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person.
Rule 8.4:
It is professional misconduct for a lawyer to:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
Oí) Commit a criminal act especially one that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects;
(c)Engage in conduct involving fraud, deceit, dishonesty or misrepresentation.

. Hinrichs outlined the factors supporting disbarment in a commingling and conversion case:
In a typical case of disbarment ..., one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings, [citations omitted]